IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

INELLA SUE CLAY                                                        PLAINTIFF

vs.                              Civil No. 6:10-cv-06047

MICHAEL J. ASTRUE                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Inella Sue Clay ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Supplemental Security Income ("SSI") and a period of disability under Title XVI of the Act.  The

parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings

in this case, including conducting the trial, ordering the entry of a final judgment, and conducting

all post-judgment proceedings.   ECF No. 5.[1]   Pursuant to this authority, the Court issues this

memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed an application for SSI on May 2, 2008.  (Tr. 8, 75-78).  Plaintiff

alleged she was disabled due to a left leg injury, lower back pain, and hip pain.  (Tr. 88).  Plaintiff

alleged an onset date of December 11. 1985. (Tr. 88).[2]  This application was denied initially and

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

[2] Although Plaintiff alleged she has been disabled since December 11, 1985, SSI benefits are not payable for
the period prior to the application; therefore, the relevant time period runs from the date of the application. Therefore
the relevant time period is from May 2, 2008 through the date of the ALJ's decision of September 3, 2009.

1

again upon reconsideration.  (Tr. 43-50).  Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted.  (Tr. 54).

Plaintiff's administrative hearing was held on June 24, 2009, in Hot Springs, Arkansas.  (Tr. 19-40).  Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE") Millard Sales, testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a ninth grade education, but had obtained her GED.  (Tr. 22).

On September 3, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 8-16).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 2, 2008.  (Tr. 10, Finding 1).  The ALJ determined Plaintiff had the severe impairment of osteoarthritis and left ankle fracture.  (Tr. 10, Finding 2).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 10, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 11-15, Finding 4).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work, with limitations of: (1) occasionally balance, stoop, kneel, crouch, crawl, and climb stairs; (2) never climb ladders or scaffolds; (3) avoid operating foot controls with left lower extremity; and (4) avoid work around unprotected heights and moving machinery. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr.15, Finding 5).  The ALJ

2

determined Plaintiff had no PRW.  *Id.*  The ALJ did, however, find Plaintiff retained the ability to perform other work existing in significant numbers in the national economy.  (Tr. 15-16, Finding 9). The ALJ based this finding upon the testimony of the VE.  *Id.*  Specifically, the VE testified in response to a question from the ALJ that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as an assessmbler/machine tender with 1,400 such jobs in Arkansas and 83,000 in the national economy, and final inspector/sorter with 200 such jobs in Arkansas and 15,000 in the national economy. *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from May 2, 2008 through the date of his decision.  (Tr. 16, Finding 10)

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 17).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On June 17, 2010, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on July 1, 2010.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 8-9.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

4

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 8 at 8-20. Specifically, Plaintiff claims the ALJ erred (1) by failing to find Plaintiff's impairments met or equaled a Listing, (2) in evaluating her RFC, (3) by failing to find a closed period of disability, and (4) in evaluating her subjective complaints. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 9.

**A. Listings**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits the physical or mental ability to perform basic work activities. A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

The ALJ found Plaintiff did suffer from impairments considered to be severe within the meaning of the Social Security regulations. These impairments included osteoarthritis and left ankle fracture. (Tr. 10, Finding 2). However, there was no substantial evidence in the record showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden of establishing that her impairment(s) meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

5

Plaintiff initially alleges she has a listed impairment and sets forth several diagnoses that appear throughout the record.  ECF No. 8, pgs. 2-3.  A diagnosis of an impairment is not disabling *per se*.  There must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs.  *See Trenary v. Brown*, 898 F.2d 1361,1364 (8th Cir. 1990).

Plaintiff also argues she specifically meets Listing 1.02, 1.04, and 1.05.  ECF No. 8, Pg. 8-13. To meet Listing 1.02, Plaintiff must have a major dysfunction of a joint with clinical evidence of joint space narrowing, bony destruction, or ankylosis, with either:

A.  Involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle), resulting in inability to ambulate effectively, or

B.  Involvement of one major peripheral joint in each upper extremity (i.e.,shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively.

There is no credible evidence showing Plaintiff is prohibited from ambulating effectively with a major peripheral joint in each upper extremity resulting in inability to perform fine and gross movements effectively.  In fact Plaintiff has made no such allegation.  Further, Plaintiff does not have a joint dysfunction that resulted in an inability to ambulate effectively.   At the June 24, 2009 administrative hearing, Plaintiff testified she used a walker around the house and she wore a boot, but she did not bring the walker or wear the boot to the hearing.  (Tr. 37).

In considering the medical evidence, on June 9, 2008, Plaintiff had x-rays on her left knee which showed her joint space was adequate and only minimal degenerative joint disease.  (Tr. 149). On December 23, 2008, x-rays of Plaintiff's leg showed her fracture had a callus formation on it, but appeared to be healing.  (Tr. 206).  Also, x-rays of Plaintiff's leg taken on February 2, 2009 showed the fracture had maintained alignment.  (Tr. 207).

On November 24, 2008, Dr. Troy Birk put Plaintiff in a fracture boot, instead of the walker

6

she had used for approximately three weeks after surgery.  (Tr. 205).  In February 2, 2009, Plaintiff

was seen again by Dr. Birk.  (Tr. 207).  Plaintiff had been using crutches, and Dr. Birk advised her

to bear as much weight as she could tolerate, and use just one crutch then a cane.  *Id.*    Also,

according Plaintiff's testimony, during this visit with Dr. Birk, he advised her to wear the boot for 45

more days.  (Tr. 36-37).  Plaintiff has not shown her impairment or impairments meet or equal listing

1.02, resulting in inability to "ambulate" or "perform fine and gross  movements" effectively.

     In order to meet Listing 1.04, Plaintiff must have a disorder of the spine resulting in

compromise of a nerve root, with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution
> of pain, limitation of motion of the spine, motor loss, sensory or reflex loss, and
> if the lower back is involved, a positive straight-leg raising test; or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue
> biopsy, or by appropriate medically acceptable imaging, manifested by severe
> burning or painful dysesthesia, resulting in the need for changes in position or
> posture more than once every two hours; or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings
> on appropriate medically acceptable imaging.

     There was no medical evidence showing Plaintiff suffered from a nerve root compression,

spinal arachnoiditis, or lumbar spinal stenosis which resulted in pseudoclaudication as set forth in

Listing 1.04.  On January 16, 2009, Plaintiff had an MRI of her lumbar spine.  (Tr. 271).  The results

showed Plaintiff  had degenerative disc changes, the greatest of which were at the L3-4 level with

moderate severe canal stenosis and mild levoscoliosis.  (Tr. 271). However, Plaintiff's condition

does not meet Listing 1.04.

     As for Listing 1.05, this requires an amputation of upper or lower extremities.  There is no

evidence of Plaintiff having any amputation.  As a result, Plaintiff does not meet Listing 1.05.

I find substantial evidence supports the ALJ's determination that Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.1.

**B. RFC**

Plaintiff claims there is no substantial evidence supporting the ALJ's RFC determination that she can perform sedentary work with limitations. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox,* 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

Plaintiff alleged she was disabled due to a left leg injury, lower back pain, and hip pain. (Tr. 88). Plaintiff testified she suffered a compound fracture in her left leg in 1985 which resulted in a metal plate being placed in her leg. According to Plaintiff, in 1986 her leg was re-broken to remove

8

the metal plate that had severed a nerve.  (Tr. 26-27).  SSI benefits are not payable for the period prior to the date the application was filed.  According to Plaintiff, she was released from prison on May 1, 2008, after serving seven years for assault with a deadly weapon, violation of probation for possession of a controlled substance, and petty theft.  (Tr. 11, 25).  Plaintiff applied for SSI benefits the day after Plaintiff was released from prison. (Tr. 75-78).

On June 4, 2008, Plaintiff was seen at the Montgomery County Community Clinic.  (Tr. 146-162).  X-rays of Plaintiff's left knee showed joint space was adequate with minimal degenerative joint disease. (Tr. 149, 189).  On examination, Plaintiff had reduced range of motion in her left knee; pain was elicited by movement of the knee; and tenderness was observed while walking.  (Tr. 152).

On August 5, 2008, Plaintiff returned to the Montgomery County Community Clinic for medication refills.  (Tr. 174).  Plaintiff reported her pain was tolerable on her current medication. (Tr. 174).  Plaintiff had loss of range of motion in her left ankle from her prior injury and prior surgery, but a motor examination demonstrated no dysfunction.  (Tr. 174).

On November 10, 2008, Plaintiff was admitted to the National Park Medical Center after fracturing her tibia and fibula.  (Tr. 209-213). Dr. Troy Birk was consulted on Plaintiff's injury.  (Tr. 209).  Dr. Birk indicated Plaintiff had previously sustained a significant fracture to her left tibia and fibula from jumping out of a car, had not treated her leg well, and it healed in a mal-united position. (Tr. 209).  Dr. Birk surgically placed a rod and screws in her leg, which Plaintiff tolerated very well. (Tr. 211-212, 233).  Dr. Birk discharged Plaintiff on November 13, 2008, with orders to use a walker and continue non-weight bearing with follow-up in seven to ten days.  (Tr. 213).

On November 24, 2008, Plaintiff returned to see Dr. Birk and she was doing well overall. (Tr. 205).  Dr. Birk placed Plaintiff in a fracture boot and advised her to be non-weight bearing.  (Tr. 205).  On December 22, 2008, Plaintiff followed up with Dr. Birk.  (Tr. 206).  Dr. Birk indicated she

9

was doing well overall, although she complained about some pain. (Tr. 206). Dr. Birk stated Plaintiff looked good, x-rays showed the fracture had a callus formation on it, and she seemed to be healing. (Tr. 206). On February 2, 2009, Plaintiff returned to see Dr. Birk. (Tr. 207). Plaintiff indicated she was doing okay, but was still using crutches and had some pain. (Tr. 207). Dr. Birk indicated x-rays showed the fracture had maintained alignment. (Tr. 207). Dr. Birk stated he wanted Plaintiff to be bearing as much weight as could be tolerated with the transition being from one crutch to a cane. (Tr. 207).

Additional support of Plaintiff's RFC is found in the Physical RFC Assessment performed by Dr. Jim Takach on November 20, 2008. (Tr. 194-201). Dr. Takach stated Plaintiff could lift 10 pounds, sit for a total of 6 hours in an 8-hour workday, and stand and/or walk at least 2 hours in an 8-hour workday. (Tr. 194-201). Additionally, Dr. Takach found Plaintiff could never climb ladders, ropes, or scaffolds; and could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. (Tr. 196). Dr. Takach found Plaintiff must avoid even moderate exposure to hazards, but had no other environmental limitations, manipulative, visual, or communicative limitations. (Tr. 197-198).

Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Closed Period of Disability

Plaintiff alleges she is entitled to a closed period of disability. ECF No. 8 at 13-15. A closed period of disability is determined when medical evidence establishes a claimant is unable to engage

10

in substantial gainful work activity for a continuous period of 12 months, but by the time the disability decision is made, he or she has medically recovered.  *See* 20 C.F.R. § 416.994(b)(1).  By alleging she is entitled to a closed period of disability, Plaintiff has admitted she has attained medical improvement and her disability has ended; however, Plaintiff does not indicate when, after May 2, 2008, (her application date) her disability ended.

Additionally, even assuming Plaintiff set out in detail her alleged dates of closed period disability, for the same reasons discussed above, Plaintiff has failed to establish a disability exits from May 2, 2008 through the date of the ALJ's decision.

### D. Credibility Determination

Plaintiff claims the ALJ erred in evaluating her subjective complaints.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

11

*See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in failing to properly apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints.  In his opinion, the ALJ addressed the factors from *Polaski* and stated inconsistencies between Plaintiff's testimony and the record.  (Tr. 14-15).  Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not that limited, (3) No physician has placed a level of limitation as described by Plaintiff, (4) Plaintiff's medication has been effective

12

in controlling her symptoms with no side effects, and (5) Plaintiff's functional limitations are not so severe as to prevent her from doing any productive work.  (Tr. 14-15).

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed.  *See Lowe,* 226 F.3d at 971-72.  Accordingly, the ALJ did not err in discounting Plaintiff's subjective complaints of pain.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **31st day of August, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

13